UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARRICELA M. GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:17-cv-384-PPS-MGG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Marricela Gonzalez appeals the Social Security Administration Commissioner's denial of her application for Social Security Insurance benefits. An administrative law judge found that Gonzalez, an adult who previously received SSI benefits as a minor, was not disabled within the meaning of the Social Security Act. Gonzalez raises numerous challenges to the ALJ's decision which she contends requires reversal. Because I agree with Gonzalez that the ALJ's decision did not adequately address and consider the evidence of Gonzalez's autism, the ALJ's decision was not supported by substantial evidence, and I will therefore reverse.

**Background**

As a child, Gonzalez was found disabled and "determined to functionally equal the listings [for minor disability], with marked difficulty as to the domain of attention

and completing tasks and the domain of interacting and relating to others."[1] [A.R. 20 at n.1.] In June 2013, Gonzalez turned 18 and on July 18, 2013 she was informed that she was no longer disabled under the rubric used to determine disability in adults. [A.R. 20.] On November 12, 2015, Gonzalez had her reconsideration hearing before an ALJ where she testified and was represented by counsel. [*Id.*] Gonzalez was 20 years old at the time and alleged disability as a result of three conditions: autism spectrum disorder, depression, and obesity. [*Id.*]

The ALJ approached Gonzalez's application using the required five-step evaluative process for disability claims. At step one, the ALJ found that Gonzalez had never engaged in substantial gainful activity—an unsurprising conclusion given Gonzalez's youth and prior disability determination. [A.R. 20.] At step two, the ALJ identified three severe impairments that Gonzalez had as an adult: obesity, autism spectrum disorder and depression.[2] [*Id.*] At step three, the ALJ engaged in substantial analysis as to whether or not Gonzalez met or medically equaled any of the applicable listings for disability and determined that while Gonzalez had moderate difficulties and restrictions on account of her mental health, they were not marked or otherwise limiting enough to qualify for disability. [A.R. 21-22.] While a child, Gonzalez was

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry #12. Citations are to the page number in the upper right hand corner of the A.R.

[2] A more detailed account of Gonzalez's medical history is contained with the ALJ's written decision. [*See* A.R. 22-27.]

found to have marked limitations in certain areas, but the ALJ determined that was not the case under the adult regulations.

The ALJ engaged in further review of Gonzalez's medical records, the testimony she gave and the opinions as to her limitations submitted by her family members, her treating physician, and other medical personnel to determine her residual functional capacity ("RFC"). Specifically, the ALJ determined Gonzalez to have an RFC to perform sedentary work, subject to some additional limitations. She was further limited to no more than frequent fingering or feeling, as well as being limited to simple, routine and repetitive tasks, simple work place decisions, and as limited interaction with supervisors, coworkers and the public. [A.R. 22-23.] At step four, there was little to no determination, as Gonzalez has no past relevant work experience. At step five, and despite the limited RFC which the ALJ had assessed, the ALJ found that there were jobs in the national economy in significant numbers that Gonzalez could perform. [A.R. 27.] Specifically, the ALJ, aided by the testimony of a Vocational Expert, found that Gonzalez could perform the jobs of eye wear polisher, toy stuffer, and final assembler. [A.R. 28.] Consequently, Gonzalez was found to be not disabled and she has appealed that decision to me.

### Legal Standard

As a district court judge, I may not make a determination as to whether or not Gonzalez is disabled. That's the Social Security Administration's job and its decision to make. My job is to review the ALJ's ruling to determine whether or not it complies with

the applicable standards and regulations. But my review is not so limited as to cabin me to affirm an ALJ's decision in all instances. If the ALJ's factual determinations are not supported by substantial evidence then the decision should be reversed. *See* 42 U.S.C. §405(g). My review is guided by the fact that "[a]n ALJ need not address every piece of evidence but must build a 'logical bridge' between the evidence and his findings and adequately discuss the issues so that [I] can evaluate the validity of the agency's findings." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir.2010).

## Discussion

Gonzalez raises a multitude of arguments and sub-arguments as to why the ALJ's decision must be reversed. But it is her first argument, which she contends was an error that permeates the ALJ's entire decision and tainted the entire evaluation, on which I will focus. That is because it is this aspect of the ALJ's decision which most clearly warrants a reversal. Gonzalez argues that the ALJ had a "misconception" concerning her mental impairments and that this misconception led to ALJ to approach the evidence with blinders on, ignoring evidence favorable to Gonzalez's claim and focusing instead only on that evidence which supported a finding that she was not disabled. As a result of this misconception and flawed analysis, she argues that, among other errors, the ALJ's step three determination that she had moderate (not marked) limitations in various areas. This finding, the argument goes, led the ALJ to a flawed RFC determination.

4

Gonzalez argues that the ALJ's consideration of her mental impairments was missing a key element: consideration as to *why* she had not sought treatment for her depression or why there wasn't a greater record of "treatment" for her autism. [DE 21-1 at 17.] As Gonzalez notes in her briefing, a more demanding inquiry is required of ALJ's when assessing mental impairments such as autism and depression. Specifically, the ALJ cannot discount the limitations of a mental impairment merely because an individual has failed to seek treatment for a mental impairment. SSR 96-7p, 1996 WL 37418 at *7 (July 2, 1996) ("the adjudicator must not draw inferences about and individual's symptoms and their functional effects from a failure to seek treatment without first considering any explanations that the individual may provide."); *Phillips v. Astrue*, 413 Fed. App'x 878, 886 (7th Cir. 2010) ("Many mental illnesses are characterized by 'good days and bad days,' rapid fluctuations in mood, or recurrent cycles of waxing and waning symptoms."); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("Appellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."). But it appears that is what the ALJ did here in order to determine that Gonzalez is not disabled.

It is undisputed that the ALJ discounted limitations from Gonzalez's depression in part because of the minimal documentation of treatment for depression contained within the record. [A.R. 25.] It is certainly true that Gonzalez's medical records do in fact evidence a relatively minimal amount of treatment for depression; she did not

regularly seek therapy for her depression on a consistent basis or take medications to help combat her depression. The ALJ noted that the record contained "no more than a handful of individual therapy visits" between November 2014 and August 2015 (a relatively short window of time.) [A.R. 25.] The ALJ's conclusion was that Gonzalez's "lack of treatment, or minimal nature of such, during the period in question is extremely unsupportive of symptomology that would preclude basic work activities." [*Id.*] It is unclear in the ALJ's decision whether that conclusion relates to Gonzalez's depression alone or to both her depression and her autism, but my sense is that it is only the former.

    The ALJ appears to have addressed Gonzalez's depression impairment, but the written decision says very little about Gonzalez's autism and how that condition has impaired her functionality. "Autism is a complex neurobehavioral condition that includes impairments in social interactions and developmental language combined with rigid repetitive behaviors. Because of the range of symptoms, this condition is now called autism spectrum disorder." WebMD, *Understanding Autism – the Basics*, *available at* https://www.webmd.com/brain/autism/understanding-autism-basics#1 (accessed September 27, 2018). But even if we are to assume that the ALJ was talking about the lack of treatment for both Gonzalez's depression and her autism, there is still a problem. As Gonzalez notes, she does not drive, relies on others to get to her appointments, and that she "had daily arguments with her therapy providers," among other difficulties, all of

which impact her ability to function or "treat" her autism. [DE 21-1 at 16.] But none of this was discussed by the ALJ.

What's more, if the ALJ's conclusion (discussed above) was applicable to Gonzalez's impairment from autism, it is unclear what exact "treatment" for autism the ALJ thought Gonzalez should have had evidence of in her medical records beyond the documentation contained therein. There is none discussed in the ALJ's written decision. Furthermore, it is unclear why the ALJ would limit her analysis to only treatment or therapy visits between November 2014 and August 2015 when analyzing Gonzalez' autism. [*See* A.R. 25.] The ALJ did not address the important "why" question at all with regard to Gonzalez's autism and determine whether the condition itself prevents Gonzalez from seeking treatment as required under the applicable rules. SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) ("Due to various limitations (such as language or mental limitations), an individual may not understand the appropriate treatment for or the need for consistent treatment of his or her impairment."). In any event, the ALJ's perfunctory consideration of Gonzalez's autism has, at a minimum, prevented me from "conducting a meaningful review of the decision." *Newton v. Colvin*, No. 3:12-CV-776 JD, 2014 WL 772659, at *9 (N.D. Ind. Feb. 25, 2014). A remand is required to better develop the record on this issue.

Furthermore, given how the ALJ focused on selective aspects of the record without discussing Gonzalez's impairments on a holistic basis, I have concerns that the ALJ may have cherry-picked medical records suggesting areas of "normal" or

"average" functioning as conclusive evidence by which to limit the impact of Gonzalez's impairments. It is impermissible for an ALJ to analyze an impairment in such a way. *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."). "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Israel v. Colvin*, 840 F.3d 432, 439 (7th Cir. 2016) ("[T]here is always a danger when lawyers and judges attempt to interpret medical reports[.]"). As such, I cannot be confident that the ALJ's determination at step three that Gonzalez only experienced moderate (as opposed to marked) limitations as to daily living, social functioning, and maintaining concentration, persistence or pace (*see* A.R. 21-22), was supported by substantial evidence.

Many of Gonzalez's remaining arguments are touched on by her overarching argument relating to the failure to adequately consider and address her autism and related impairments. As such, it makes little sense to address them in depth at this point in time, as many (if not all) will likely be obviated by further consideration on remand on the issues discussed within this opinion.

## Conclusion

For the foregoing reasons, the final decision of the Commissioner of Social Security denying plaintiff Marricela Gonzalez's application for Social Security Disability Insurance Benefits is REVERSED and the matter is REMANDED for further consideration consistent with this opinion.

SO ORDERED on September 27, 2018.

                                                     /s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT